UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL A. JOHNSON,<br><br>    Petitioner,<br><br>v.<br><br>JOHN MARSHALL, Warden,<br><br>    Respondent. | Civil No.  09-cv-927-BTM (POR)<br><br>**REPORT AND RECOMMENDATION THAT RESPONDENT'S MOTION TO DISMISS WRIT OF HABEAS CORPUS AND MOTION FOR RELIEF FROM ORDER BE GRANTED**<br><br>**[Document No. 7]** |

## I. INTRODUCTION

On April 30, 2009, Petitioner, a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) On July 27, 2009, Respondent filed a Motion to Dismiss for lack of jurisdiction and a Motion for Relief from the Court's order requiring the motion to dismiss to state all grounds upon which dismissal is warranted. (Doc. 7.) Respondent contends the Petition in the instant case is a second, successive petition, for which Petitioner has not received authorization from the Ninth Circuit to file. (Id.) Petitioner did not oppose the Motion to Dismiss. In accordance with Local Rule 72.1(d), this Court RECOMMENDS Respondent's Motion to Dismiss and Motion for Relief from Order be GRANTED.

## II. PROCEDURAL BACKGROUND

On October 18, 1999, in Southern District of California Case Johnson v. Roe, 99-cv-2229-IEG (JFS), Petitioner filed a Petition for Writ of Habeas Corpus attacking his conviction in San Diego Superior Court Case No. SCD 117809. On September 21, 2001, the Honorable Irma E.

1  Gonzalez dismissed this petition with prejudice.  (Lodgment 1 at 9-10; Lodgment 2.)

2  On April 30, 2009, Petitioner filed a Petition for Writ of Habeas Corpus, once again
3  attacking his conviction in San Diego Superior Court Case No. SCD 117809.[1]  In his Petition,
4  Petitioner acknowledges this is not his first petition challenging this conviction.  (Doc. 1 at 5.)

5  **III. DISCUSSION**

6  Respondent contends the Petition is barred as second or successive under 28 U.S.C.2244(b)
7  because Petitioner has previously pursued a habeas petition to judgment in this Court, wherein he
8  challenged the same September 9, 1996 San Diego Superior Court conviction challenged here.
9  (Doc. 7-1 at 2.)  Further, Respondent contends the Petition should be dismissed because "[n]othing
10 in the Court's docket or the Ninth Circuit's PACER database shows that the Ninth Circuit has
11 granted a certificate of authorization."  (Id.)

12 When a federal habeas petitioner proceeds to judgment on the merits of claims presented
13 with respect to a particular conviction, any later filed habeas corpus petition attacking that same
14 conviction is considered a "second or successive" petition.  Slack v. McDaniel, 529 U.S. 473, 486-
15 88 (2000).  Under such circumstances, a petitioner is required to obtain authorization from the court
16 of appeals to file a second or successive petition in the district court.  28 U.S.C. § 2244(b)(3).  Such
17 authorization requires a petitioner to make a prima facie showing to the court of appeals that he has
18 satisfied the requirements of 28 U.S.C. § 2244(b)(2), i.e., that his claim is either based on a new rule
19 of constitutional law made retroactive by the Supreme Court, or on the discovery of new, material
20 evidence.  28 U.S.C. § 2244(b)(2.)

21 On October 18, 1999, Petitioner filed a habeas petition pursuant to 28 U.S.C. § 2254 in this
22 Court challenging his July 9, 1996 conviction in San Diego Superior Court Case No. SCD 117809
23 for forcible rape, false imprisonment by violence, and giving false information to a peace officer.
24 (See Pet. filed 10/18/99 [Doc. No. 1] in SO. DIST. CA. CIVIL CASE NO. 99-cv-2229-IEG (JFS).)  That
25 petition was denied on the merits of the claims presented.  (Lodgment 2.)

26 Here, Petitioner challenges the same conviction.  (Doc. 1.)  Because Petitioner has not
27 obtained permission from the Ninth Circuit Court of Appeals to file a second or successive petition,

28

---

[1] This is the Petition at issue in this case.

1  the Court lacks jurisdiction over the Petitioner filed here.  <u>Cooper v. Calderon</u>, 274 F.3d 1270, 1274
2  (9th Cir. 2001) (holding that "the district court may not, in the absence of proper authorization from
3  the court of appeals, consider a second or successive habeas application.") Accordingly, the Court
4  RECOMMENDS Respondent's Motion to Dismiss and Motion for Relief from Order be
5  GRANTED.

## IV. CONCLUSION

After thorough review of the record in this matter and based on the foregoing analysis, this Court RECOMMENDS Respondent's Motion to Dismiss and Motion for Relief from Order be GRANTED.  This Proposed Findings of Fact and Recommendation for Disposition of the undersigned Magistrate Judge is submitted to the United States District Court assigned to this case, the Honorable Barry T. Moskowitz, pursuant to the provisions of 28 U.S.C. § 636(b)(1) (2007) and Local Rule 72.1(d).

**IT IS HEREBY ORDERED** that no later than **February 4, 2010**, any party may file and serve written objections with the Court and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."

IT IS FURTHER ORDERED that any reply to the objections shall be filed and served no later than **fourteen days** after being served with the objections.  The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

**IT IS SO ORDERED**.

DATED:  January 6, 2010

_____
LOUISA S PORTER
United States Magistrate Judge

cc:       The Honorable Barry T. Moskowitz
          all parties